```
 1  TERRY A. DAKE, LTD.
    11811 North Tatum Boulevard
 2  Suite 3031
    Phoenix, Arizona  85028-1621
 3  Telephone: (480) 368-5199
    tdake@cox.net
 4
    Terry A. Dake - 009656
 5
    Attorney for Trustee
 6
```

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

```
In re:                          )   In Chapter 7 Proceedings
                                )
PETER F. BRONSON,               )
SHERRI L. BRONSON,              )   Case No. 2:08-BK-00777-GBN
                                )
            Debtors.            )
                                )
```

**MOTION TO APPROVE PRO RATA DISTRIBUTION
TO ADMINISTRATIVE EXPENSE CLAIMANTS**

The trustee moves this Court for the entry of an order approving a pro rata distribution to the Chapter 11 administrative expense claimants. The trustee's motion is more fully set forth in and is supported by the following Memorandum Of Points And Authorities.

DATED November 9, 2013

```
                            TERRY A. DAKE, LTD.

                            By /s/ TD009656
                               Terry A. Dake
                               11811 North Tatum Boulevard
                               Suite 3031
                               Phoenix, Arizona  85028-1621
                               Attorney for Trustee
```

**MEMORANDUM OF POINTS AND AUTHORITIES**

Chapter 11 administrative expense claims are held by the law firms of Engelman Berger, PC ("EB") and Fennemore Craig, P.C. ("FC") See, Admin. Dkt. Nos. 165 and 176.

Normally, the distribution available to the Chapter 11 administrative expense claimants would be made pro rata. However, when EB was retained, EB obtained a security interest in certain property to secure payment of its fees. Thus, this security interest raises a question as to whether any credit against EB's fees should occur prior to the distribution.

It appears that the collateral held by EB is of no value. According to EB, EB is unable to obtain a trustee's sale guarantee to allow EB to foreclose the lien. Thus, it does not appear that EB will ever realize any value from the collateral.

The trustee has requested that EB and FC come to some agreement regarding this matter but, to date, nothing has been resolved. Until it is, the trustee is prevented from completing the administration of this estate.

Since it appears that the collateral is of no value, the trustee requests that the Court order that the distribution to EB and FC be made pro rata. That order will allow the trustee to proceed with a distribution of the estate without an objection being filed to the trustee's proposed final distribution.

**WHEREFORE**, the trustee prays for the entry of an order determining that the distribution to be made to EB and FC be made pro rata as set forth herein.

2

DATED November 9, 2013.

**TERRY A. DAKE, LTD.**

By /s/ TD009656
Terry A. Dake
11811 North Tatum Boulevard
Suite 3031
Phoenix, Arizona 85028-1621

3